ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GOLUB MECHANICAL CONTRACTORS, INC., et al., | ) | CASE NO. 5:05CV2388 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | ORDER |
| | ) | [RESOLVING DOC. 8] |
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, LOCAL UNION #219, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

This action is before the Court upon plaintiffs' Motion to Remand (Doc. 8). The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 11-1), affidavit of Jim Swenberg (Doc. 11-2), and reply memorandum (Doc. 12); and has considered the oral statements of counsel and the parties offered during the Case Management Conference held on March 2, 2006.

On August 4, 2005, plaintiffs Golub Mechanical Contractors, Inc. and its president, James L. Golub, filed a two-count complaint in the Summit County, Ohio Common Pleas Court (Case No. CV-2005-08-4423) against defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union #219. Plaintiffs allege that Local 219 has engaged in a course of conduct designed to damage, defame, injure the business reputation, and interfere with contracts and business relationships of Golub Mechanical. On October 11, 2006, the defendant removed the above-entitled case to this Court based on federal

question jurisdiction.  For the reasons that follow, the Court agrees with the defendant that the course of conduct referred to by the plaintiffs is either a labor dispute as defined by Section 2(9) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(9), or is arguably protected or prohibited by federal law.

I.     *Defamation*

The Court does not believe a decision on the merits in this case can properly turn on the defamation law of Ohio as urged by the plaintiffs.  Some of the language about which the plaintiffs complain was published in the setting of a dispute concerning accusations being made by James Golub against Local 219 members and, thus, was articulated "in a context where the policies of the federal labor laws leading to protection for freedom of speech are significantly implicated." *Letter Carriers v. Austin*, 418 U.S. 264, 279 (1974).  This being so, the Court will look to federal law to determine whether recovery on Count One of the Complaint is permitted.  Section 8(c) of the NLRA, 29 U.S.C. § 158(c), "manifests a congressional intent to encourage free debate on issues dividing labor and management." *Linn v. Plant Guard Workers*, 383 U.S. 53, 62 (1966).  However, the protection of the Act is forfeited by one who circulates a false statement with malice, that is with knowledge of its falsity or with reckless disregard for whether it is true or false. *Id.* at 55.  There can be no recovery for defamation uttered or published in the setting of a labor dispute in the absence of malice. *Davis Co. v. United Furniture Workers*, 674 F.2d 557, 562,  *cert. denied*, 459 U.S. 968 (1982).

II.    *Tortious Interference with Contract/Business Relationship*

When Local 219's collective bargaining agreement with the Association that Golub Mechanical is a member of expired in 2005, Local 219 and its agents engaged in an apparently

lawful economic strike. On June 14, 2005, Local 219 picketed the principal offices of Golub Mechanical, as it had every right to do under Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. §§ 158(a)(1) and (3). The legality and lawfulness of that labor union picketing must be tested under principles of federal labor law and policy, not whether the defendant committed the tort of tortious interference with a business relationship under Ohio law. *See Beverly Hills Foodland, Inc. v. United Food & Commercial Workers Union*, 39 F.3d 191, 196 (8th Cir. 1994) . Accordingly,

Plaintiffs' Motion to Remand (Doc. 8) is DENIED.


IT IS SO ORDERED.


 March 8, 2006                                   */s/ John R. Adams*
Date                                             John R. Adams
                                                 U.S. District Judge