# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GOLUB MECHANICAL CONTRACTORS, INC., et al., | ) ) ) | CASE NO.:   5:05CV2388 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, LOCAL UNION #219 | ) ) ) ) ) | **AGREED JURY INSTRUCTIONS, DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, AND PLAINTIFFS' OBJECTIONS TO** |
| Defendant. | ) ) | **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

Pursuant to this Court's Trial Order dated May 30, 2006, Plaintiffs, Golub Mechanical Contractors, Inc., et al. (hereinafter collectively "Plaintiffs"), and Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union #219 (hereinafter "Defendant") submit the following Agreed Jury Instructions together with the parties' respective objections to remaining Instructions.

Respectfully submitted,

BERNLOHR WERTZ, L.L.P.

*/s/ Mark W. Bernlohr*

_____
Mark W. Bernlohr #0038640
Jennifer J. Jacquemain #0069685
23 S. Main Street, Suite 301
Akron, OH 44308
330-434-1000 Telephone
330-434-1001 Facsimile
mark@b-wlaw.com
jennifer@b-wlaw.com
*Attorneys for Plaintiffs*

MACALA, BAASTEN, MCKINLEY
& GORE, LLC

*/s/ Timothy R. Piatt*

Ronald G. Macala (0014396)
Timothy R. Piatt (0039634)
The Belden/Whipple Building
4150 Belden Village Street, Suite 602
P.O. Box 35186
Canton, Ohio 44735
Telephone:  (330) 493-1570
*Attorneys for Defendant*

**AGREED JURY INSTRUCTIONS**

Plaintiffs, Golub Mechanical Contractors, Inc. (hereinafter "Golub Mechanical") and James L. Golub (hereinafter "Mr. Golub") allege that Defendant, United Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union #219 (hereinafter "Local #219) has defamed Plaintiffs and that Defendant has tortiously interfered with Plaintiffs' business relationships.  I shall now instruct you regarding of each of these claim.

**I.     DEFAMATION.**

Defamation is a false written or oral statement that injures another's reputation.

Plaintiffs claim that Defendant defamed Plaintiffs by statements made in a letter of June 7, 2005 from an officer of Defendant to the President of the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO.

To prevail on their claim for defamation in this case, Plaintiffs must prove the following  elements:

(1)     That the statement(s) was/were false;

(2)     That the statement(s) were about the Plaintiffs;

(3)    That the Defendant published the alleged defamatory statement(s);

(4)    That the Defendant acted with fault of at least negligence; and

(5)    That the statement was either defamatory *per se* or caused special harm to the Plaintiffs.

Gosden v. Louis (1996), 116 Ohio App.3d 195; see also, Akron-Canton Waste Oil v. Safety Clean Oil Serv., Inc. (1992), 81 Ohio App. 3d 591; 2 OJI 264.05§§1, 3, 4, 5.

Excluding the element of fault, Plaintiffs must prove all other elements by the preponderance of the evidence. Embers Supper Club, Inc. v. Scripps-Howard {126 Ohio App. 3d 584} Broadcasting Co., 9 Ohio St. 3d at 24-25. Plaintiffs must prove the element of fault by clear and convincing evidence. Lansdowne v. Beacon Journal Pub. Co., 32 Ohio St. 3d at 180-181.

The Parties have stipulated that Plaintiff Golub Mechanical Engineers, Inc. is an Ohio corporation and that Plaintiff James Golub is its President. A corporation cannot maintain an action for defamation upon words spoken solely of and concerning an individual in his individual capacity even if the individual is also an officer of the corporation unless the corporation proves that the alleged defamation was spoken of the individual in direct relation to the trade or business of the corporation. Brayton v. Cleveland Special Police Co. (1900) 63 Ohio At. 83.

**(1)    False Statements**

Falsity is an essential element to a defamation action. Therefore, a true statement cannot provide the basis for a defamation action. Driscoll v. Block (1965), 3 Ohio App. 2d 351.

A statement is false when it is not substantially true. It is substantially true when the substance of the statement is true, or is justified by the facts, taking the statement as a whole.

-3-

The Defendant's words must be given their natural and ordinary meaning, taking into consideration the circumstances in which the statement was made. You must ignore any minor ways in which the statement is false. In deciding whether the statement was false you may not consider the Defendant's belief as to the truth of the statement.

**(2)    Publication**

"Published" means that the alleged defamatory statement(s) in the June 7, 2005 letter was/were read and understood by a person other than Plaintiffs. If only Plaintiffs read the alleged defamatory statement(s), then the statements were not published. 2 OJI 264.01 § 8

**(3)    That the Defendant acted with fault of at least negligence**

There are two degrees of "fault" involved in defamation cases: (1) negligence, and (2) actual malice. Each of these degrees, and instructions as to which applies in this case, will now be explained to you.

Regardless of which degree of fault applies, Plaintiffs must prove the fault by clear and convincing evidence. Plaintiffs must prove the other elements by a preponderance of the evidence. See, <u>Lansdowne v. Beacon Journal Publ'g Co.</u>, 512 N.E.2d 979, 984 (Ohio 1987).

**a.    Negligence**

The negligence standard in defamation cases provides, "Fault is established by determining whether 'the defendant acted reasonably in attempting to discover the truth or falsity or defamatory character of the publication." <u>Franks v. The Lima News</u> (1996), 109 Ohio App. 3d 408, 412, quoting <u>Embers Supper Club v. Scripps-Howard Broadcasting Co.</u> (1984), 9 Ohio St. 3d 22, 25. Therefore, Plaintiffs must demonstrate by clear and convincing evidence that the Defendant acted unreasonably in attempting to discover the truth or falsity or defamatory character of the publications at issue in this case.

b.  **Actual Malice**

As will be explained to you in a moment, Defendant claims that the alleged defamation occurred in the setting of a labor dispute. If you find that the alleged defamation did occur in the setting of a labor dispute, then Plaintiffs must demonstrate an additional element of actual malice. Linn v. Plant Guard Workers (1966) 383 US 53. I shall instruct you on the definition of labor dispute in a moment.

"Actual malice" exists if the Defendant made the false statement either with the knowledge that it is false or with reckless disregard of whether it is false or not. New York Times v. Sullivan (1964), 376 U.S. 254, 279-80; St. Amant v. Thompson (1968) 390 U.S. 727, 731; Varanese v. Gall (1988) 33 Ohio St. 3d 78; 2 OJI 264.01§10.

"Reckless disregard" means that the defendant acted while actually aware of the probable falsity of the alleged defamatory statement(s), or the defendant entertained serious doubts as to the truth of the alleged defamatory statements. Defendant's failure to investigate may be considered evidence that Defendant acted with reckless disregard to the alleged defamatory statement(s)' truth or falsity, but only if you find from the facts and circumstances that Defendant had serious doubts about the truth of the alleged defamatory statement(s). Varanese. v. Gall (1998) 35 Ohio St.3d 78, 80; see also, 2 OJI 264.01§10.

Plaintiff may prove that Defendant had serious doubts as to the truth of the alleged defamatory statements by circumstantial evidence. Hartke-Hanks Comm. v. Connaughton, 491 U.S. 657, (1989), citing Herbert v. Lando, 441 U.S. 153, 160 (1979).

**(4) That the statement was either defamatory *per se* or caused special harm to the Plaintiffs.**

A defamatory statement will also be of one of two types: (1) **defamatory per quod** or (2) **defamatory per se.**  Whether a defamation is per se or per quod is a question of law for the trial court. Matalka v. Lagemann (1985) 21 Ohio App. 3d 134.

A defamatory-**per-quod** statement is one that is determined to be defamatory by the interpretation of the listener. McCartney v. Oblates of St. Francis deSales (1992) 80 Ohio App.3d 345.  Defamation per quod is where the defamation is subject to interpretation, through innuendo between an innocent or harmless meaning and libelous one.  If a complaint alleges defamation per quod, the Plaintiff must allege special damages. Id.  You will receive further instruction on special damages in a moment.

A defamatory-**per-se-statement** is one that is defamatory on its face.  When a statement is found to be defamation per se, both damages and actual malice are presumed to exist. Dodley v. Budget Car Sales, Inc. (Apr. 20, 1999), Franklin App. No. 98AP-530 (unreported).  In order to be considered defamatory per se, the words used in the statement must fall in one of three categories: (1) the imputation of a charge of an indictable offense involving moral turpitude or infamous punishment; (2) the imputation of some offensive or contagious diseases calculated to deprive the person of society; *or (3) having the tendency to injure the plaintiff in his trade or occupation.* Schoedler v. Motometer Gauge & Equipment Corp. (1938) 134 Ohio St. 78.  To be defamatory per se, the language used must be such that the trial court can presume as a matter of law that it tends to degrade or disgrace the person of whom it is written or that it holds that person up to hatred, contempt, or scorn. Bram v. M. Weingold & Co. (Mar. 30, 2000), Cuyahoga App. No. 76041 (unreported).  A statement is defamatory per se if it tends to cause injury to a person's reputation, exposes him to public

ridicule or shame, or adversely affects a person in their trade or business. Sovchik v. Roberts (May 9, 2001) 9th Dist. No. 3090-M (unreported).

Where statements are **defamatory per se**, the existence of some damage will be presumed and thus the plaintiff is not required to plead and prove special harm. Strussion, supra., quoting Jones v. White (Oct. 15, 1997), Summit App. 18109, 1997 Ohio App. LEXIS 4636.

If the defamatory statements arose from a labor dispute, Plaintiffs must prove special harm. Linn v. Plant Guard Workers (1966) 383 US 53.

The term **"labor dispute"** includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee.

A case shall be held to be involved with or to grow out of a "labor dispute" when the case involves persons who are engaged in the same industry, trade, craft or occupation; or have direct or indirect interests therein; or who are employees of the same employee, or who are members of the same or an affiliated organization of employers or employees; whether such dispute is (1) between one or more employers or associations of employers and one or more employees or associations of employee; (2) between one or more employers or associations of employers and one or more employees or associations of employees; or (3) between one or more employees or associations of employees and one or more employees or associations of employees; or when the case involves any conflicting or competing interests

in a "labor dispute" [as defined in this section] of "persons participating or interested" therein [as defined in this section].

    A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him or it, and if he or it is engaged in the same industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest, therein, or is a member, officer, or agent of any association composed in whole or in part of employers of employees engaged in such industry, trade, craft, or occupation. 29 U.S.C. § 113; Linn v. Plant Guard Workers (1966) 383 US 53.

    **"Special harm"** is injury that is caused by the conduct of persons other than the Plaintiffs or the Defendant but as a result of the alleged conduct of the Defendant. Stokes v. Meimaris (1996) 111 Ohio App.3d 176. Special harm includes injury to reputation and exposure to public hatred, contempt, ridicule, shame, disgrace, and loss of income or business, loss of society, companionship and friendship. Linn v. Plant Guard Workers (1966) 383 US 53.

    In seeking recovery for special harm, Plaintiffs must prove not only that Defendant acted with actual malice, but that such actual malice was a proximate cause of the harm. **"Proximate Cause"** exists where an act or failure to act, in a natural and continuous sequence, directly produces the damage and without which it would not have occurred.

    A person is not responsible for damage to another if the person's conduct is a remote cause and not a proximate cause. A cause is a remote cause when the result could not have been reasonably foreseen or anticipated as being the likely cause of any damage.

    Further, causal connection is broken when another's act, which could not have been reasonably foreseen and is fully independent of the defendant's conduct, intervenes and

completely removes the effect of the defendant's action and leaves itself the proximate cause of the damages. 1 OJI 11.10 § 2, 1 OJI 11.10 § 1, 1 OJI 11.10 § 4; <u>Armour & Co. v. Ott</u> (1927) 117 Ohio St. 252; <u>R.H. Macy & Co. v. Otis Elevator Co.</u> (1990) 51 Ohio St.3d 108.

## II.	AFFIRMATIVE DEFENSES

Defendant claims that it is not liable to Plaintiffs over the alleged defamation in the June 7, 2005 letter because the statements contained in the letter were non-defamatory opinion, were true and were otherwise protected by a qualified privilege. These are "affirmative defenses" to Plaintiffs' defamation claim. Defendant has the burden of proving an affirmative defense by a preponderance of the evidence. 1 OJI 3.10 §4, 2 OJI 264.01 § 11.

### (1)	Qualified Privilege

A defendant in a defamation action may invoke the defense of "qualified privilege." <u>A&B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Bldg. & Constr. Trades Council</u> (1995) 73 Ohio St.3d 1, 7 (citations omitted).

The essential elements of a communication protected by qualified privilege are: "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication made in a proper manner and to proper parties only." <u>Jacobs v. Frank</u> (1991), 60 Ohio St.3d 111, 114, quoting <u>Hahn v. Kotten</u> (1975) 43 Ohio St.2d 237, 245-246.

If Defendant establishes all five elements for the application of a qualified privilege, Plaintiffs can defeat the privilege by showing by clear and convincing evidence that the defendant acted with actual malice. <u>Jacobs</u>, 60 Ohio St.3d at syllabus. The standard for actual malice has already been provided to you.

If you find that Plaintiffs have met their burden of proof for all of the necessary elements of defamation, and that Defendant has failed to establish any defense, you should find in favor of Plaintiffs and determine what amount of damages will reasonably compensate Plaintiffs for the defamation. You will be further instructed on the issue of damages in a moment.

However, if you find that Plaintiffs did not prove all of the elements of defamation by the appropriate weight of the evidence, you should find in favor of the Defendant.

### III. TORTIOUS INTERFERENCE WITH CONTRACT/BUSINESS RELATIONS

Plaintiffs other claim against Defendant is that Defendant has tortiously interfered with Plaintiffs' business relationships. This type of interference occurs when a person or entity, without justification to do so, purposely causes a third person to fail to enter into or continue a business relationship with another, or to fail to perform a contract with another.

Plaintiffs must prove by the preponderance of the evidence all of the following elements:

(A) the existence of a business relationship or contract between Plaintiffs and another entity or entities;

(B) Defendant's knowledge of that business relationship or contract;

(C) Defendant's intentional action directly caused the termination of or harm to the contract and/or the business relationship;

(D) Damages resulting from Defendant's action; and

(E) Defendant was not justified in taking the action and, therefore, acted improperly.

The factors to consider in determining whether Defendant was not justified in taking such action are:

 (1) the nature of Defendant's conduct;

 (2) Defendant's motive;

 (3) The interests of Plaintiffs with which Defendant interferes;

 (4) The interests sought to be advanced by Defendant;

 (5) The social interests in protecting the freedom of action of Defendant, on the one hand, and the business relationship or contractual interests of Plaintiff on the other hand;

 (6) The closeness or remoteness of Defendant's conduct to the interference; and

 (7) The relations between Plaintiff and Defendant.

<u>A&B-Abell Elevator Co. v. Columbus/Central Bldg.&Constr. Trades Council</u> (1995) 73 Ohio St.3d 1, 14; see also, <u>Fred Siegel Co., L.P.A. v. Arter & Hadden</u> (1999) 85 Ohio St.3d 171.

If you find that Plaintiff proved all of the above five elements by the preponderance of the evidence, you should find in favor of Plaintiffs, and you should further determine the amount of damages which Plaintiffs suffered as a result of Defendant's interference.

However, if you find that Plaintiffs did not prove all of the above five elements by the preponderance of the evidence, you should find in favor of the Defendant.

 **IV.** **DAMAGES**

**Damages.** The Court instructs the jury that damages, like liability, are not presumed and that the Plaintiffs cannot recover for any item of damage which they have not proven by

a preponderance of the evidence.  Evidence of contingent or possible effects of an injury are too remote and speculative to permit a lawful recovery of damages for future consequences of that injury.  You are not permitted to award speculative damages, which means that you are not to include in any verdict compensation for prospective loss which, although possible, is remote or conjectural.  In the event that your verdict is for Plaintiffs, you may award them only such damages as will fairly and reasonably compensate them for the injuries which you find that they have sustained as a direct and proximate result of the incident.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the act of defendant(s).  If you find that the Defendant is liable on the Plaintiffs' claims, as I have explained them, then you must award the Plaintiff(s) sufficient damages to compensate them for any lost income, and other injuries proximately caused by the conduct of Defendant.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.

For example, if you return a verdict for Plaintiffs, then you must award them such a sum of money as you believe will fairly and justly compensate them for any lost income, and other injuries they actually sustained as a direct consequence of the conduct of the Defendant.

Actual damages also are known as compensatory damages.  If you should find that Plaintiffs are entitled to damages, then you should award them a sum that will reasonably compensate them for any lost income, and other injuries suffered as a proximate result of the injury in question.

**(1) Special Damages.**   If you find in favor of the Plaintiffs in Plaintiffs' defamation claim, then you may award the Plaintiffs only the amount of money that you decide by the

preponderance of the evidence will fairly and adequately compensate the Plaintiffs for the special harm to Plaintiffs; that is, for the injuries to the Plaintiffs' reputation caused by the conduct of the persons other than the Plaintiffs or Defendant acting as a result of the alleged defamatory statement(s) in the letter of June 7, 2005.

You must put aside all passion, prejudice, personal dislikes, hatred and anger. You may take into consideration all facts and circumstances in evidence to decide the amount of these damages. The following are the types of injury for which you may award compensation:

> The injury to the plaintiffs' reputation, including exposure to public hatred, contempt, ridicule, shame, disgrace and for the loss of trade and business income.

If you have found that Plaintiffs have suffered special harm to Plaintiffs' reputation, you may award damages for any other injury caused by the defamation.

**(2)** **Nominal Damages.** If you find for the Plaintiffs, and some injury to Plaintiffs was done but the Plaintiffs failed to prove by the preponderance of the evidence any amount of damages, you may award the Plaintiffs nominal damages. "Nominal" means trifling or small. 1 OJI 23.93; 2 OJI 264.07 §§ 1(B), 4.

**(3)** **Punitive Damages**

**Separate Award.** If you find for Plaintiff(s) and award actual damage, you may also consider whether you will separately award punitive damages. If you do not find actual damage, you cannot consider punitive damages.

The purpose of punitive damages is to punish the offending party to discourage others from similar conduct.  The malice needed to award punitive damages requires proof of the defendant's conscious state of mind.

You may decide that the Defendant is liable for punitive damages if you find by clear and convincing evidence that the Defendant's acts demonstrated malice, aggravated or egregious fraud, oppression, or insult and the Plaintiffs have presented proof of actual damages that resulted from those acts of Defendant.  1 OJI 23.71 § 1.  Malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.  Preston v. Murty (1987) 32 Ohio St.3d 334.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances.  It should not be excessive, nor influenced by passion, sympathy, or prejudice.  Preston v. Murty (1987) 32 Ohio St.3d 334, 1 OJI 23.71 §§ 2, 10.

**OTHER INSTRUCTIONS PROPOSED BY PLAINTIFFS, BUT OPPOSED BY DEFENDANT**

None.

**OTHER INSTRUCTIONS PROPOSED BY DEFENDANT, BUT OPPOSED BY PLAINTIFFS**

Plaintiffs oppose the following Jury Instructions proposed by Defendant:

"The Parties have stipulated that the alleged defamation occurred during a labor dispute between the Parties."

**(k)** **Protected Concerted Activity**. In determining whether Defendant was justified, and therefore, acted properly in filing and pursuing the Mark Henry grievance, in publishing the letter of June 7, 2005, and in picketing Plaintiffs on June 14, 2005, you are to further consider the nature of that conduct.

Union member employees have the right to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection. The filing and processing of a grievance which is based on a honest and reasonable belief that a contractual right has been violated is a fully protected concerted activity because it is an integral part of the process by which a collective bargaining agreement is enforced.

Further, a union's expression of any views, argument, or opinion, or dissemination thereof, whether in writing, graphic, or visual form, shall not constitute or be evidence of an unlawful labor practice if such expression contains no threat of reprisal or force the promise of a benefit.

An economic strike associated with a labor dispute is protected concerted activity. Picketing in relation to a strike is protected concerted activity.

<u>Engaging in protected concerted activity is a lawful act.</u>

29 U.S.C. §157
<u>May Dept. Stores v. NLRB</u> 555 F.2d 1228 (6th Cir, 1977)
<u>City Disposal Systems, Inc. v. NLRB</u> 766 F.2d 969 (6th Cir, 1985)

<u>NLRB v. Visceglia</u> 498 F.2d 43 (3rd Cir, 1974)

**(o) Damages and Lawful/Unlawful Acts.**

Damages may be awarded when the harm or injury is proximately caused by the wrongful acts of the defendant.  However, if you find that the damages were caused in part by lawful acts and in part by wrongful acts, then only those damages can be awarded that you find by the preponderance of the evidence were proximately caused by the wrongful acts of the defendant.  No damages can be awarded if you find that the harm or injury was caused by the lawful acts of the defendant or that the evidence was evenly balanced on that count.

2 OJI 264.07 §13(B)

United Mine Workers v. Gibbs (1966) 383 U.S. 715, 734-735.

**AGREED JURY INTERROGATORIES**

**DEFAMATION CLAIM**

1.	Have the Plaintiffs proven by a preponderance of the evidence that Defendant published false statements about Plaintiffs in the letter of June 7, 2005?

	ANSWER YES OR NO:	_____

2.	If Plaintiffs have proven by a preponderance of the evidence that Defendant published false statements about Plaintiffs in the letter of June 7, 2005, have the Plaintiffs proven by clear and convincing evidence that Defendant acted with at least negligence in publishing the false statement(s)?

	ANSWER YES OR NO:	_____

3. If Plaintiffs have proven by a preponderance of the evidence that Defendant published false statements about Plaintiffs in the letter of June 7, 2005, have the Plaintiffs proven by clear and convincing evidence either:

    a. that Defendant published the statements with knowledge that the statements were false; or,

    b. that Defendant published the statements with reckless disregard as to their truth or falsity?

    ANSWER YES OR NO:    a. _____

                                      b. _____

4. If Plaintiffs have proven by a preponderance of the evidence that Defendant published false statements about Plaintiffs in the letter of June 7, 2005, have the Plaintiffs proven by a preponderance of the evidence that the statements caused special harm to Plaintiffs?

    ANSWER YES OR NO:    _____

5. If you have answered "yes" to Questions One, Two, Three (a or b), and Four, what amount of money would fairly and adequately compensate Plaintiffs?

    COMPENSATORY DAMAGES $_____

6. If you have answered "yes" to Questions One, Two, Three (a or b) and Four, have the Plaintiffs proven by a clear and convincing evidence that the defamatory statements were made with malice so as to justify an award of punitive damages?

ANSWER YES OR NO: _____

7. If your answer to Question Six was "yes" and you have awarded damages as presented in Question Five, what amount of punitive damages should be awarded?

PUNITIVE DAMAGES $_____

**INTENTIONAL INTERFERENCE WITH CONTRACT/BUSINESS**

8. Have the Plaintiffs proven by a preponderance of the evidence the existence of a business relationship or contract with a person or entity with which Defendant's conduct interfered?

ANSWER YES OR NO: _____

9. If Plaintiffs have proven the existence of such a business relationship or contract, have the Plaintiffs proven by a preponderance of the evidence that Defendant knew of the existence of the relationship or contract?

ANSWER YES OR NO: _____

10. Have the Plaintiffs proven by a preponderance of the evidence that Defendant intentionally acted to directly cause a termination of the relationship or contract?

ANSWER YES OR NO: _____

11. Have Plaintiffs proven by a preponderance of the evidence that Defendant was not justified in taking that action?

    ANSWER YES OR NO:  _____

12. If you have answered "yes" to Questions Eight, Nine, Ten, and Eleven, have the Plaintiffs proven by a preponderance of the evidence damages resulting from Defendant's intentional interference?

    ANSWER YES OR NO:  _____

13. If you answered "yes" to Question Twelve, what amount of money would fairly and adequately compensate Plaintiffs for Defendant's intentional interference?

    COMPENSATORY DAMAGES $_____

14. If you have answered "yes" to Questions Eight, Nine, Ten, and Eleven, and have awarded damages as presented in Question Thirteen, have Plaintiffs proven by clear and convincing evidence that Defendant's intentional interference was with malice so as to justify an award of punitive damages?

    ANSWER YES OR NO:  _____

15. If you answered "yes" to Question Fourteen, what amount of punitive damages should be awarded?

    PUNITIVE DAMAGES $_____